(32 Misc. Rep. 602.)

MOLSON'S BANK v. MARSHALL et al.

(Supreme Court, Special Term, Onondaga County. October, 1900.)

CHANGE OF PLACE OF TRIAL—EXTENSION OF TIME TO PLEAD—NOTICE.

Defendants, sued in a county other than their residence, by a nonresident, asked for extension of time to answer, and the court ordered that the "time to plead or otherwise move be extended 15 days; defendants to accept 10 days' notice of trial by mail; the case to go on calendar." The

extension would still leave sufficient time for a regular notice of trial and for placing the case on the calendar for the next term of court, either in that county or in the county where defendants resided, and there was no apparent necessity for inserting the provision for short notice. *Held* that, though the county where suit was brought was the only one referred to in defendants' affidavit for the extension, such order did not preclude defendants from asserting their right to have the case tried in the county of their residence.

Action by the Molson's Bank against Jacob Marshall and others. Motion to change place of trial.   Granted.

Kellogg & Mulligan, for plaintiff.
McGowan & Stolz, for defendants.

HISCOCK, J.   This is a motion to change the place of trial of this action from St. Lawrence county, where it is now laid, to Onondaga county, upon the ground that the latter is the proper county, under section 984 of the Code of Civil Procedure.   It appears without dispute upon this motion that the plaintiff is a nonresident corporation, having its place of business in Canada, and that the defendants live in the city of Syracuse; also that the necessary demand for a change of the place of trial has been made.   In short, there is no dispute about the right of defendants to have the venue changed to Onondaga county, unless they have been barred and deprived of this right by a clause in an order extending their time to answer, which clause imposed certain obligations upon defendants as a condition of granting such extension.   On or about August 20th the defendants presented to the county judge of Onondaga county an affidavit, setting forth the formal matters required therein to be stated, and also certain reasons why they desired an extension of their time to answer, etc.   Upon this affidavit an order was made as follows:   "Ordered that the time to plead or otherwise move herein be extended fifteen days; defendants to accept ten days' notice of trial by mail; the case to go on calendar."   The plaintiff claims that this last clause meant that the case was to go on the calendar of the next occurring term of court in St. Lawrence county, and that defendants, having accepted the benefits of the order containing this condition, are bound thereby, and cannot now ask to have the place of trial changed. It is substantially conceded that, if the clause is to be construed as referring simply and exclusively to the St. Lawrence term of court, it does have this effect, and the question, therefore, still further narrows down whether the clause is to be construed as so exclusively referring to that term, or whether it may be construed as referring to the calendar of the term of court at which said action might finally be triable, whether in St. Lawrence or some other county.   I think this latter is, under all the circumstances, the fairer construction.

At the time when the order was made there was no apparent necessity for inserting this clause as was done by the judge making the order.   The extension of the time would have still left more than the requisite period for a regular notice of trial and for placing the case upon the calendar.   If the matter received any particular consideration, the clause was probably put in as a matter of extra precaution, on the theory that after the answer was served there

might be other proceedings which would delay giving notice of trial, and render it desirable that short notice should be accepted. It is true that the term of court in St. Lawrence county was the only one, in terms, referred to in the affidavit. It appeared, however, that the defendants resided in Onondaga county. While it was not specifically stated that the plaintiff was a foreign corporation, it did appear that it had been required to give the undertaking required by the Code in the case of nonresident plaintiffs. Under such circumstances it may be assumed that the possibility was suggested to the judge making the order of proceedings to change the place of trial from St. Lawrence to Onondaga county. The order which he made extended the time, not only for pleading, but for making motions. He must be deemed to have taken judicial notice of the fact that the next term of court in Onondaga county occurred within a week after that in St. Lawrence county, and, while it was not apparent that the extension of time would necessarily prevent placing the case upon the calendar of the Onondaga term with regular notice, the same was equally true, as already stated, in respect to the St. Lawrence term. It was just as reasonable to provide for short notice in one county as in the other.

The extension of time granted to defendants was a common favor almost invariably extended by the court upon applications characterized by good faith. Without the precautionary clause it did not impair any of plaintiff's rights. If the latter's construction of this clause is adopted, defendants have been compelled, as the price of a very ordinary favor, not injuring in any way their opponent, to waive the absolute and very substantial right of having this action tried in their own and the proper county, rather than in a distant and improper one. This result is avoided by adopting the other construction referred to. The defendants are allowed 15 days' additional time in which to plead and make this motion, for instance. If by any possibility, as the result of such extension, the time becomes too limited for proceedings, upon regular notice, they are to take short notice, and the cause is to go on "the calendar," whether of the St. Lawrence term or of the Onondaga term, if in the meantime the trial shall have been removed to the latter county. The motion to change the place of trial is therefore granted, with $10 costs to abide event.

Motion granted, with $10 costs to abide event.